IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                                                   ) | Criminal No.  19-190-7 |
| ) | |
| TIMOTHY HARPER                     ) | |

## Memorandum Order

Presently before the Court is Timothy Harper's pro se Motion for Judicial Recommendation Pursuant to Title 18 U.S.C. § 3624.  ECF No. 811.  Mr. Harper seeks an Order from the Court recommending to the Bureau of Prisons that he be placed in a community corrections center, home confinement, or a residential reentry center pursuant to the "Second Chance Act," codified at 18 U.S.C. § 3624.  When a prisoner nears the end of his or her prison term, the Second Chance Act provides in relevant part, as follows:

> (c) **Prerelease custody**.--
>
>> (1) **In general**.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>>
>> (2) **Home confinement authority**.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(1) & (c)(2).  Mr. Harper was sentenced on July 27, 2020 to a term of imprisonment of 60 months.  According to the Bureau of Prisons' website, his expected release date is May 13, 2023.  Therefore, because the statute directs that any placement in a community corrections center or other designated pre-release place occurs within the "final months" of the term of imprisonment and is "not to exceed 12 months," Mr. Harper is not within the time frame

to receive pre-release to a facility in accord with section 3624(c), although the Bureau of Prisons may start consideration of such pre-release prior to the inmate's last 12 months of imprisonment. 18 U.S.C. § 3624(c)(1).

More significantly, section 3624 vests the Bureau of Prisons, and not the courts, with authority over an inmate's pre-release custody. See United States v. Clark, No. CRIM.A. 07-01, 2011 WL 743090, at *1 (W.D. Pa. Feb. 24, 2011) (§ 3624(c) "vests the BOP, and not the courts, with authority over an inmate's pre-release custody, including home confinement."); United States v. Smith, No. CRIM. 06-86, 2007 WL 1412069, at *1 (W.D. Pa. May 10, 2007) ("The plain meaning of the statute, however, does not give the *sentencing court* the authority to order, as petitioner requests, that a prisoner spend a certain amount of time in home confinement."); United States v. Shipley, 286 F.Supp.2d 499, 500 (W.D.Pa.2003) ("pre-release custody placement ... is a matter committed to the authority of the Bureau of Prisons."). Consequently, this Court has no authority to *direct* the Bureau of Prisons to permit Mr. Harper to serve any portion of his sentence at a community corrections center or on home confinement.

Mr. Harper appears to understand the limits of the Court's authority as he requests that the Court only *recommend* to the Bureau of Prisons that he be considered as a candidate for the residential reentry center when he is eligible to begin pre-release custody.  With respect to Court recommendations the Bureau of Prisons may consider

(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate;

18 U.S.C. § 3621(b)(4)(A) & (b)(4)(B).  The actual placement of a prisoner, however, is a matter within the discretion of the Bureau of Prisons.  Even when making a recommendation to the Bureau of Prisons at sentencing, a moment in time when the Court has the most up-to-date information relevant to the individual defendant, the Bureau of Prisons is only directed to *consider* the recommendations.  The Bureau of Prisons is not under any binding authority to follow such recommendations.  Subsection (b)(5) explicitly states that any Court order purporting to designate that a prisoner be placed in a community corrections center has no binding effect.  18 U.S.C.§ 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person").  Therefore, any recommendation this Court purported to make to the Bureau of Prisons about Mr. Harper would be non-binding, and considering the lapse of time since sentencing, somewhat out-of-date.  The Court therefore declines to intrude upon matters committed to the discretion of the Bureau of Prisons.  At best, the Court can state that it is aware of no information that would preclude consideration of Mr. Harper for statutory pre-release custody by the Bureau of Prisons at the appropriate time.  In this regard, the Court applauds Mr. Harper's participation in the Residential Drug and Alcohol Treatment Program and his work towards obtaining an associate degree in Christian Counseling.

Accordingly, the following Order is entered.

AND NOW, this 9th day of November 2021, it is ORDERED that Mr. Harper's Motion for Judicial Recommendation Pursuant to Title 18 U.S.C. § 3624 (ECF No. 811) is DENIED.

         s/*Marilyn J. Horan*
        Marilyn J. Horan
        United States District Court Judge

cc:    Timothy Harper, pro se
       # 39777-068
       FCI PETERSBURG LOW
       FEDERAL CORRECTIONAL INSTITUTION
       P.O. BOX 1000
       PETERSBURG, VA  23804